Colson *v.* Wilson.

———◆———

BENJAMIN J. COLSON *vs.* JOHN H. WILSON.

*Attachment—debtor's election of property to be exempted. Mortgage—lien of personal property attached—how waived.*

When a debtor owns a horse and colt and a pair of oxen, he may elect which shall be exempted from attachment if he avail himself of the privilege when the attachment is about to be made.

If, having the opportunity to make the election, he fails to do so, he will be deemed to have waived his right to hold them exempt from attachment.

Where the owner of a pair of oxen, having the opportunity, omitted to elect to have them exempted from attachment, and the mortgager of the oxen omitted for the space of ten days, after due notice of their having been attached, to " deliver to the officer a true account of the amount due on " his mortgage, as required by Public Laws of 1859, c. 114, § 2 (R. S., c. 81, § 43), the mortgagee " thereby waived the right to hold the property " on his mortgage.

ON REPORT.

Trespass *de bonis asportatis*, for taking and carrying away a yoke of oxen on the second day of November, 1867. Writ dated Nov. 2, 1867.

Plea, general issue, with a brief statement justifying the taking, by his deputy, one Phipps, on a writ dated Nov. 1, 1867, in favor of one Mayo and against one Abner D. Colson, and alleging that the oxen were at the time Abner D. Colson's property.

Phipps' return upon the writ, *Mayo* v. *Abner D. Colson,* bore date " Nov. 12, 1867, at ten and a half o'clock A. M.," and was of the following tenor : " By virtue of the within writ, I have attached one yoke of oxen, the property of the within-named Abner D.

Colson, said to be subject to a mortgage to one Benjamin J. Colson; whereupon I notified said Benjamin J. Colson of said attachment, and demanded an account in writing of the amount due upon the debt secured by said mortgage; and such account not being given within ten days of said attachment, I retain said oxen under attachment." The writ was duly entered, and the action is still pending.

The plaintiff claimed to hold the oxen by virtue of a mortgage of the same, dated April 26, 1866, and duly recorded, from Abner D. Colson, to secure a note of same date for fifty dollars. Mortgage and note were put into the case.

It appeared from the evidence in the case that Abner D. Colson had a mare, and colt three or four months old, at the time the oxen were attached; that when the attachment was made, he did not claim to hold them exempted from attachment, but first declared they were not his, and then said they belonged to his brother Benjamin.

The court were to render judgment by nonsuit or default, according to the legal rights of the parties.

*N. H. Hubbard*, for the plaintiff.

*C. P. Brown*, for the defendant.

DICKERSON, J. The plaintiff claims title to the oxen, which are the subject of the trespass, under a mortgage from one Abner D. Colson; and the defendant justifies the taking by his deputy, Phipps, as attaching officer of a creditor of the mortgager.

The counsel for the plaintiff contends, that the case shows that the taking was several days prior to the attachment, and that, therefore, the defense set up by the defendant is not open to him. The writ upon which the oxen were attached was dated November first, 1867, and appears to have been served November 12th. The writ in the case at bar bears date Nov. 2, 1867.

This apparent anachronism, however, is readily explained by reference to the officer's return upon the writ in the original suit,

which, though dated November 12th, after reciting that the officer had attached the oxen as the property of Abner D. Colson, said to be subject to a mortgage to Benjamin J. Colson, contains the following clause, " whereupon I notified said Benjamin J. Colson of said attachment, and demanded an account in writing of the amount due upon the debt secured by the mortgage, and such account not being given within ten days of said attachment, I retain said oxen under attachment."

The writ in the case at bar is dated November 2d, and the plaintiff testifies that he sued it out immediately after he had notice of the attachment. It is fairly inferable from these facts that the attachment was made and notice was given to the mortgagee November 2d, and that the officer, after waiting ten days, the time allowed by the statute for the mortgagee to render a statement of his claim, made his return, dating it ten days after the attachment, instead of the day of the attachment. The objection based upon the discrepancy of dates is thus obviated.

It is further argued, on the part of the plaintiff, that the oxen were exempt from attachment at the time of the taking. It appears from the evidence, that the debtor in the former suit, who is the plaintiff's mortgager, owned a mare and a colt at the time the oxen were attached. By the R. S. of 1857, as amended by c. 102, § 1, of the laws of 1867, a debtor is allowed to hold, exempt from attachment and execution, " one pair of working cattle, or instead thereof, one pair of mules, or one or two horses, not exceeding in value three hundred dollars." The debtor cannot hold the cattle and the horse or horses, but he may hold either of them exempt from attachment if he own both. The one may be more valuable or desirable to the debtor than the other, and it would be contrary to the policy of the law to allow the creditor to deprive him of the right of choice. The exemption is for the benefit of the debtor, and the right of election is in him. But if he would avail himself of this right, he must signify his wishes to the officer, when the attachment is made, if he has the opportunity to do so; otherwise he will be deemed to have waived his right thereafterwards to hold

the property as exempt from attachment and execution. No such election was made by the debtor at the time of the taking, and it is now too late to make it. The law has made it for him. *Smith* v. *Chadwick*, 51 Maine, 515; *Clapp* v. *Thomas*, 5 Allen, 158; *Nash* v. *Farrington*, 4 Allen, 157.

The oxen, not being exempt from attachment, were subject to the provisions of c. 81, § 64, of the R. S. of 1857, in the same manner as any other mortgaged personal property. The plaintiff " omitted, for the space of ten days after notice of the attachment given to him by the officer, to deliver to him a statement of the amount due on the mortgage," as required by § 2, c. 114, of the laws of 1859, and must " be deemed to have waived his right to hold the property by virtue of his mortgage."

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, DANFORTH, and TAP-LEY, JJ., concurred.